[No. 4789. Decided January 2, 1904.]

TWYMAN O. ABBOTT, *Appellant,* v. NEWMAN KLINE, *Respondent.*[1]

SUBSCRIPTIONS—CONTRACT FOR RAILWAY SUBSIDY—CONSTRUCTION—INDEFINITENESS—COMPLAINT—SUFFICIENCY. A complaint to recover a subscription to aid in the construction of a railway does not state sufficient facts to constitute a cause of action when the same is based upon correspondence set out in the complaint from which it appears that there was no part performance, the line having been already located to run near the defendant's land, pursuant to an undisclosed oral conversation, and no binding agreement had been made, and plaintiff left it to defendant to do whatever he thought proper, while the defendant wrote he would be willing to aid to the extent that others did, and would decide later if he could pay cash or give land, explaining that the land was under mortgage and he could not give title; such contract being too indefinite and uncertain to sustain an action.

Appeal from a judgment of the superior court for King county, Bell, J., entered December 26, 1902, dismissing the action upon sustaining a demurrer to the complaint. Affirmed.

*T. O. Abbott,* for appellant, cited the following as cases arising upon similar facts: *New York etc. R. Co. v. Pixley,* 19 Barb. 428; *Des Moines Val. R. Co. v. Graff,* 27 Iowa 99, 1 Am. Rep. 256; *Hoffman v. Bloomsburg etc. R. Co.,* 157 Pa. St. 174, 27 Atl. 564.

*Fred Rice Rowell* and *Walter B. Beals,* for respondent. The correspondence was too indefinite to constitute a contract. *Mississippi etc. S. S. Co. v. Swift,* 86 Me. 248, 29 Atl. 1063, 41 Am. St. 545; *Lyman v. Robinson,* 14 Allen 242; *Sidney Glass Works v. Barnes,* 33 N. Y. Supp. 508; *Havens v. American etc. Ins. Co.,* 11 Ind. App. 315, 39 N. E. 40; *Meyers v. Smith,* 48 Barb. 615; *Harvey v. Facey,* 62 L. J., P. C. 127, 69 L. T. 504.

[1]Reported in 74 Pac. 1014.

PER CURIAM.—This is an action to recover upon an alleged contract of subscription to aid in the construction of a railway. Probably the best way to dispose of it will be to set out the complaint verbatim.

"Plaintiff complains of the defendant and for an amended complaint and cause of action alleges:

"(1)   That at all times hereinafter mentioned the Tacoma & Steilacoom Railway Company was a corporation organized under the laws of the state of Washington.

"(2)   That on the 3d day of October, 1890, the defendant was the owner of a certain tract of land in Pierce county, Washington, known as Voight's Addition to the city of Tacoma, and said premises were of the value of forty thousand dollars ($40,000.)

"(3)   That prior to said date the Tacoma & Steilacoom Railway Company was making a survey for a line of electric railway to be run from the city of Tacoma to the town of Steilacoom, in said Pierce county, and the defendant on said 31st day of October, 1890, for the purpose of having said railroad run near his said premises, promised and agreed in writing with said Tacoma & Steilacoom Railway company, that if said company would construct said railroad so that the same would run by the southeast corner of said premises, defendant would convey to said Tacoma & Steilacoom Railway Company one-eighth of said premises, or pay a sum equal to the value of one-eighth of said premises; that said contract was contained in correspondence between said parties, in letters written by the plaintiff to the defendant and in letters written by the defendant to the plaintiff, which constitutes the contract between the plaintiff and the defendant, as follows, to-wit:

" '(Dictated)                        Sept. 16, 1890.

"Mr. Newman Kline,

     "care of N. P. R. R. St. Paul, Minn.

"My Dear Kline:   I enclose you herewith map of the proposed route of my railroad to Steilacoom.   By it you will see that I run to the southeast corner of your tract. This is the result of the conversation which I had with you

when in St. Paul recently. Immediately upon my return home I had surveys and an examination of the route made and concluded at once to establish it as you see here shown. I enclose you also a deed to be placed in escrow with the National Bank of Commerce, both of which you may execute and send to them. Insert such lots as you think proper under the circumstances. I am willing to trust your judgment and know you will do the fair thing. I am sorry I did not see you on leaving St. Paul. The route is now being graded from the city limits to your corner, the men being now engaged in clearing and cutting immediately at your corner.

Enc.          Very sincerely yours, T. O. Abbott.'

          " 'Sept. 20th.

" 'My Dear Abbott:—Your letter of the 15th recd. I shall be pleased to "ante" on the proposition to the same extent that others do in my neighborhood. Will you kindly inform me what that is? There is a little mtge. on that piece of land—I cannot give you a title, but am perfectly willing to do anything so you will get the subsidy at the proper time. I would like to ask when you expect to have the line in operation; there are several inquiries I would like to propound to you in this connection. Do you calculate to come east soon? Have you not some people here in St. Paul who are interested with you and to whom I can talk?

          "Yours very truly, Newman Kline.'

" '(Dictated)          Sept. 24, 1890.

" 'My Dear Kline: Your favor of the 20th inst. at hand. In reply will say that I have requested, and with two exceptions, have received from each property holder along the line one-eighth of all their holdings. This is the basis upon which we have proceeded in the construction of the road. We expect to have the road in operation on or about the 1st of February. In reply to your inquiry whether I expect to be east soon will say that it is likely that I will within the next 30 or 60 days. The mortgage to which you refer on your tract need cut no figure if you will except and warrant against the same in your deed to us.

Knowing that you will do what is right I have only to consent to leaving the matter to your own good judgment.

"Very truly yours, T. O. Abbott.'

" 'October 3rd.

" 'My Dear Abbott: I have your letter of the 24th Sept., regarding a subsidy for your railroad to Steilacoom. Am pleased to be able to aid the enterprise and recognize the benefit it will be to my tract—and admit that without a quick transit scheme the land is of little value. Just at this time I am meeting several mortgages and do not want to put a contract on paper that may have have to stand against the property. On my aid, to the extent that others have given, you may rely as above stated I want the line to strike my corner. In another month or a little later, shall be in a position to say if I can pay cash or if will give land and I trust neither interest will be prejudiced by asking you to permit me to stand you off until I see my way a little clearer as to what is the best way for me to perform the proper caper. Hope I may see you when you come east again.

"Yours very truly, Newman Kline.'

"(4)   That said Tacoma & Steilacoom Railway Company, pursuant to said agreement, did construct its said railroad from the city of Tacoma to the town of Steilacoom, so that the said road ran by the southeast corner of defendant's said premises. But that defendant has failed and neglected to convey one-eighth of said premises to said Tacoma & Steilacoom Railway Company, or to plaintiff, but on the contrary has sold and conveyed all of said premises to other parties, and has also failed and neglected to pay one-eighth of the value of said premises.

"(5)   That prior to the commencement of this action, said Tacoma & Steilacoom Railway Company assigned all its right and interest under said agreement to plaintiff, who is now the owner thereof.

"(6)   That plaintiff has demanded of defendant the payment of a sum equal to one-eighth of the value of said premises, but that defendant neglected and refused to pay the same.

"Wherefore, plaintiff demands judgment against the defendant for the sum of five thousand dollars ($5,000), and for costs and disbursements of this action."

A demurrer was interposed to this complaint on the ground that it did not state facts sufficient to constitute a cause of action, and that the action had not been commenced in the time limited by law, which demurrer was sustained. Plaintiff offered to file a second amended complaint, which the court refused to permit. Judgment was entered, and from judgment of dismissal the appeal is taken.

We think the demurrer was properly sustained. We have examined all the cases cited by the appellant, in both his original and reply briefs, and none of them, we think, sustain a cause of action where the agreement was as indefinite and uncertain as the agreement set forth in the complaint. The question of part performance upon which the appellant relies does not, it seems to us, enter into this case under the allegations of the complaint, for it appears from the appellant's letter of September 16 that the announcement was made, when the information was conveyed to the respondent, that the line of definite location had been determined upon, and that by such determination the road ran to the southeast corner of the respondent's tract. So that it must appear that the establishment of the road to that point was not the result of the written agreement upon which the action is based, but that it was the result of some oral conversation between the appellant and respondent at some past time, which agreement does not appear. The appellant recognized at that time the fact that no binding agreement had been made, for he states that he inclosed an agreement for the respondent to sign, and in addition to that he leaves it

open to the respondent to do what he thinks is proper under the circumstances.

The balance of the correspondence is as uncertain and indefinite as is the first part, and the last letter written by the respondent on October 3 plainly indicates that the respondent, while he is willing to do something, has not yet made up his mind just what that something will be, and we hardly see how it would be possible for a court to gather from this correspondence an agreement which could be specifically enforced. If the property remained in the possession of the respondent, and an action were brought for specific performance, it seems to us clear that the contract relied upon was not sufficiently definite and certain to sustain such an action. The fact that the property has passed from the possession of the respondent, and that the remedy is asked in a different form, would not warrant a more liberal construction of the correspondence.

We are not disposed to interfere with the discretion which the trial court exercised in not allowing a further amended complaint to be filed, although an examination of that complaint satisfies us that even it does not allege an enforcible contract.

Affirmed.